Filed 6/7/24  P. v. Schneider CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

CHRISTIAN MARK SCHNEIDER,

     Defendant and Appellant.

E081254

(Super.Ct.No. FWV22002820)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Russell S. Babcock, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and James Spradley, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury acquitted defendant and appellant Christian Mark Schneider of a felony count of making criminal threats (Pen. Code,[1] § 422 (count 1)). It convicted him of a second count of the same offense, committed against the same victim but on a different day and charged as a misdemeanor (count 2). Schneider argues his conviction is not supported by substantial evidence. We affirm.

FACTS

According to the prosecution, Schneider twice criminally threatened the same mall security guard. The first incident, on August 8, 2022, was charged in count 2 as a misdemeanor, while the second, on August 13, 2022, was charged in count 1 as a felony. The jury acquitted Schneider of count 1, however, so we will focus our discussion on count 2.

"Multiple times" in the 10 days before August 8, 2022, the security guard had asked Schneider to leave the mall property. The security guard testified those previous encounters were "negative experiences," as Schneider did not respond well to the security guard's requests.

On August 8, 2022, at about 10 p.m., the security guard was on duty, in uniform, and sitting in his patrol car. He saw Schneider walking across the property, from the west side of the property to the east, and then change direction north to approach him. Schneider was "clearly drunk," "literally reeling on his feet," and "holding a 12-pack of beer." He came within about "20 or 30 feet in front of the patrol car" and "started

_____

[1] Undesignated statutory references are to the Penal Code.

2

shouting things." Specifically, Schneider said "I'm going to kill you," interspersed with profanity, as well as "I'm going to go get my 9 millimeter" and "I'm going to go get my knife." Schneider also was gesturing, including by reaching towards his waistband as if he had a weapon. The security guard used a cell phone to call police.

The security guard testified he "took [Schneider's] words at face value," and that in this "age of mass shootings, you have to take that kind of craziness seriously." He felt "fearful" for "the rest of the evening," explaining "that's not the type of thing you can put out of your head easily."

On cross examination, the security guard conceded that he had responded to Schneider's threat to kill him by saying "Good luck with that." He also conceded that when he called police, he told the dispatcher "I don't honestly think he's got a gun."

Schneider testified in his own defense. He said he would routinely walk to the mall every evening to get food after work, and would usually purchase two beers—not a 12-pack—to drink at home with the food. He testified that he followed that routine on August 8, 2022. According to Schneider, the security guard had initiated all of their conversations, and had been "borderline harassing or stalking" him, including by deriding him as a "loser tweaker." Schneider admitted he would "cuss" at the security guard, telling him to leave him alone, but he denied making any verbal threats or threatening gestures.

DISCUSSION

Schneider argues his conviction lacks the support of substantial evidence. We are not persuaded.

"In reviewing a sufficiency of evidence claim, the reviewing court's role is a limited one." (*People v. Smith* (2005) 37 Cal.4th 733, 738.) "'The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) "If there is substantial evidence which supports the disputed finding, the judgment will be upheld even though substantial evidence to the contrary also exists and the trier of fact might have reached a different conclusion had it believed other evidence." (*Lobo v. Tamco* (2014) 230 Cal.App.4th 438, 442 (*Lobo*).) We affirm "'unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict." (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 (*Zamudio*).) "We resolve all evidentiary conflicts and questions of credibility 'in favor of the verdict . . . .'" (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014.)

The offense of making criminal threats has five elements: (1) "the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,'" (2) "the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,'" (3) the "threat . . . was 'on its face and under the circumstances in which it [was]

4

made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat,'" (4) "the threat actually caused the person threatened 'to be in sustained fear for his or her own safety . . . ,'" and (5) "the threatened person's fear was 'reasonabl[e]' under the circumstances."[2] (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228; *Ayala v. Superior Court* (2021) 67 Cal.App.5th 296, 301.)

Schneider does not contest the existence of substantial evidence of the first two elements. He argues, however, there is insufficient evidence of the remaining three.

Schneider contends the threats were not so immediate and specific as to satisfy the third element of the offense. He emphasizes that he "did not say that he was leaving right now and that he would return shortly and either stab or shoot" the security guard. In his view, his words "[a]t worst . . . constituted an angry or drunken rant," but not the sort of immediate threat proscribed by section 422.

Not so. "A threat is not insufficient simply because it does 'not communicate a time or precise manner of execution . . . ." (*People v. Wilson* (2010) 186 Cal.App.4th 789, 806.) "'To constitute a criminal threat, a communication need not be *absolutely* unequivocal, unconditional, immediate, and specific.'" (*In re A.G.* (2020) 58 Cal.App.5th 647, 657.) Rather, "'the test is whether, in light of the surrounding circumstance, the communication was *sufficiently* unequivocal, unconditional,

___

[2] CALCRIM No. 1300, with which the jury was instructed, breaks the crime down into six parts by also specifying the prosecution must prove the defendant "made the threat orally."

immediate, and specific as to convey to the victim a gravity of purpose and immediate prospect of execution.'" (*Ibid.*)

Here, Schneider's statements that he was going to go get his gun or knife and kill the security guard are reasonably viewed as more than just an "angry or drunken rant" that does not "evince[] a serious intention to carry out" any acts of violence. Schneider did not just threaten violence, but specifically lethal violence. (Cf. *In re Ricky T.* (2001) 87 Cal.App.4th 1132, 1135-1136 [defendant told victim "'I'm going to get you'" and "'I'm going to kick your ass'"].) Although he did not specify when, exactly, he intended to return with a gun or knife, his words and the circumstances reasonably suggested it could have been as soon as that same evening or within a few days. (Cf. *People v. Wilson* (2010) 186 Cal.App.4th 789, 814-815 [upholding inmate's conviction on threats against prison guard that included comment "I get out in ten months," and distinguishing "idle boasts" by a prisoner serving "lengthy or indeterminate term"].) It was entirely reasonable for the jury to conclude Schneider's threats satisfied the third element of the offense.

There is also ample evidence that the threats caused the security guard to suffer sustained fear for his safety. He said so during trial. The existence of evidence from which contrary inferences could be drawn does not change the analysis for purposes of substantial evidence review. (*Zamudio*, *supra*, 43 Cal.4th at p. 357; *Lobo*, *supra*, 230 Cal.App.4th at p. 442.) Moreover, the inferences Schneider proposes should be drawn from the evidence are not compelling. An expression of bravado ("Good luck with that")

6

in response to a threat does not establish the victim was not afraid. That the security guard did not "le[ave] the mall immediately" after the threats does not mean he did not fear Schneider "had a serious intention to stab or shoot him." Telling police he did not "think" Schneider had a gun does not mean he was not afraid Schneider might have or be able to get a gun after all, or perhaps a knife. A lack of evidence Schneider knew where the security guard lived does not mean the fear caused by the threats did not continue through the evening, as the security guard said it did; after all, he would have to return to work soon.

Furthermore, we find nothing unreasonable about the security guard's fear. It is perfectly reasonable to be afraid when someone, apparently in a drunken rage, approaches and shouts that they are going to go get a gun or knife and kill you. It would take a rare degree of unflappability for someone *not* to be afraid.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

MENETREZ
J.

7